# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA VERNEL YOUNG,**

      **Plaintiff,**

v.                                                    Case No:  6:17-cv-1042-Orl-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Linda Vernel Young (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI).  Doc. 1; R. 1-4, 226-35.  Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to properly evaluate Claimant's allegations of pain and limitations.  Doc. 16 at 12-16.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.   THE ALJ'S DECISION

In July 2014, Claimant filed applications for DIB and SSI.  R. 19, 226-35.  Claimant alleged a disability onset date of September 25, 2013.  *Id*.

The ALJ issued his decision on December 30, 2016.  R. 19-27.  In his decision, the ALJ found that Claimant had the following severe impairments: fibromyalgia, arthropathies, and dysfunction of major joints.  R. 21.  The ALJ found that Claimant had a residual functional capacity

(RFC) to perform less than a full range of sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a).[1]  R. 22.  Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with limitations.  The claimant can use her upper extremities to perform tasks no more than frequently.

*Id*.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing her past relevant work.  R. 55-56.  The ALJ thus found that Claimant was capable of performing her past relevant work.  R. 26.  Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  R. 27

## II.    STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ

decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

Here, Claimant argued that the ALJ failed to properly evaluate Claimant's allegations of pain and limitations. Doc. 16 at 12-16. Specifically, Claimant argued that the ALJ failed to consider that Claimant had unsuccessfully tried multiple forms of treatment; that Claimant's treating physician, Dr. Allende, documented decreased sensation in Claimant's bilateral upper extremities and diagnosed her with cervical spondylosis with radiculopathy; and that Claimant had to stand up during the hearing before the ALJ. *Id*. Claimant also argued that it was error for the ALJ to discount Claimant's testimony by purportedly relying on the fact that no treating physician had opined that Claimant was disabled. *Id*.

The Commissioner argued that the ALJ applied the appropriate standard and that substantial evidence supports the ALJ's credibility determination. *Id*. at 16-20. The undersigned agrees.

In his decision, the ALJ summarized Claimant's testimony before stating as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 22-23. The ALJ then summarized Claimant's medical records. R. 23-25. After summarizing Claimant's medical records, the ALJ said the following:

> Upon review of the medical evidence set forth above, the undersigned finds that such evidence does not establish that the claimant's impairments are disabling in nature or prevent her from performing work in accordance with the residual functional capacity assessment set forth above. The evidence establishes that she has undergone multiple knee and spine surgeries, and she continues to experience

> tenderness and some limitation of motion. She also has an altered gait, positive straight leg raise testing on the right side, and dysesthesia on the right side at LS. However, the evidence also indicates that she has 5/5 muscle strength in all muscle groups, and does not establish any significant limitations in her ability to use her upper extremities to perform fine and gross manipulations with her hands and fingers. Her grip strength has been indicated as being 5/5, and Dr. Barber opined that she could sit without difficulty and perform upper body movements and activities with her hands. Thus, while the evidence indicates that she has limitations resulting from her knee and back conditions which preclude her from performing work at heavier exertional levels, the undersigned finds that she is not precluded from performing sedentary exertional work which primarily involves use of her upper extremities.
>
> Significantly, the undersigned also notes that there is no credible medical opinion of record which suggests that the claimant is disabled. While Ms. Holloway opined in March 2016 that she was unable to work, no weight can be given to this opinion, as an ARNP is not considered an acceptable medical source within the regulatory definition (20 CFR 404.1513 and 416.913). Dr. Barber opined that she could walk and stand for reasonable periods of time, sit without difficulty, and perform upper body movements and activities with her hands, and Dr. Henry opined that she was capable of performing light exertional work with postural and environmental limitations. Significant weight is given to these opinions, as they are consistent with each other and with the other objective medical evidence of record, but the undersigned finds that she is limited to sedentary exertional work with restrictions rather than light exertional work with restrictions as found by Dr. Henry, based upon her testimony regarding her limitations provided at the hearing. As set forth above, the evidence demonstrates that she remains capable of using her upper extremities to perform sedentary exertional work.

R. 25-26. Thus, the ALJ provided specific reasons for finding that Claimant's testimony was not entirely credible (i.e., Claimant had 5/5 muscle and grip strength, the evidence does not establish any significant limitations in her ability to use her upper extremities to perform fine and gross manipulations with her hands and fingers, Dr. Barber opined that Claimant could sit without difficulty and perform upper body movements and activities with her hands, and Dr. Henry opined that Claimant was capable of performing light exertional work with postural and environmental limitations). And the undersigned finds that these reasons are supported by substantial evidence. *See, e.g.*, R. 22-25, 122-25, 396-97, 448-49, 539-49, 576-77, 623-24, 646-66.

Regardless, Claimant offered no argument to suggest that the specific reasons provided by the ALJ were not supported by substantial evidence and, thus, waived the argument. *See, e.g., Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Instead, Claimant argued that the ALJ "overlooked" certain facts that Claimant believes support her position.[2] But the ALJ is not required to discuss every piece of evidence so long as the ALJ considered Claimant's condition as a whole. *See Dyer*, 395 F.3d at 1211. The ALJ did so here. *See* R. 22-26. Further, there is nothing in the record to indicate that the ALJ overlooked the issues raised by Claimant. In fact, the ALJ noted that Claimant had failed conservative treatment, cited to Dr. Allende's records, and was present at the hearing when Claimant asked if

---

[2] To the extent that Claimant was trying to argue that the ALJ's decision was not supported by substantial evidence because the facts cited by Claimant allegedly support Claimant's position, Claimant's argument is without merit. The standard is not whether there is some evidence to support Claimant's position, but whether there is substantial evidence to support the ALJ's decision. *Barnes*, 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.") (citation omitted). As previously discussed, substantial evidence supports the ALJ's decision.

she could stand up. R. 24, 61. And Claimant offered no persuasive argument to suggest that the ALJ did not consider the issues raised by Claimant, or Claimant's condition as a whole.

Claimant's remaining argument – that it was error for the ALJ to discount Claimant's testimony by purportedly relying on the fact that no treating physician had opined that Claimant was disabled – is also without merit. The ALJ's statement appears to be nothing more than a transition sentence the ALJ used prior to discussing the opinions of Ms. Holloway, Dr. Barber, and Dr. Henry.[3] Regardless, even to the extent that it was error for the ALJ to mention the fact that there was no credible medical opinion in the record to suggest that Claimant was disabled, the error would have been harmless. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that an ALJ's failure to consider a claimant's inability to afford treatment did not constitute reversible error when the ALJ did not rely primarily on a lack of treatment to find that the claimant was not disabled); s*ee also D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.");

---

[3] The ALJ stated as follows: "Significantly, the undersigned also notes that there is no credible medical opinion of record which suggests that the claimant is disabled. While Ms. Holloway opined in March 2016 that she was unable to work, no weight can be given to this opinion, as an ARNP is not considered an acceptable medical source within the regulatory definition (20 CFR 404.1513 and 416.913). Dr. Barber opined that she could walk and stand for reasonable periods of time, sit without difficulty, and perform upper body movements and activities with her hands, and Dr. Henry opined that she was capable of performing light exertional work with postural and environmental limitations. . . ." R. 25-26.

*see also Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence). As previously discussed, the ALJ offered other reasons for discrediting Claimant's testimony that were supported by substantial evidence. And Claimant provided no argument to suggest that the ALJ's alleged error was harmful.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's assignment of error.

### IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 26, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy